UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRENT PECTOL, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>BRENT ERNEST PECTOL, et al.,<br><br>   Defendants. | Case No. 18-cv-00717-HSG<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. Nos. 1, 2 |

Pro se Plaintiffs Michael Pectol, Vahina Boudouani, Taj Pectol and Czar Pectol have filed a complaint against a number of defendants, including multiple courts and police departments in and outside of California. Dkt. No. 1. The complaint claims that defendants have violated over twenty statutes, several of them federal criminal statutes, and "other Legislation/Doctrine/Treaties/Policies." *Id.* at 7. Plaintiffs seek damages in the amount of "$40,011,888,000,000,000." *Id.* at 15. Plaintiffs seek leave to proceed *in forma pauperis*. Dkt. No. 2.[1]

## I. INTRODUCTION

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action and that his action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Plaintiff's application, the Court finds that he is unable to pay the full amount of fees, costs or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the

---

[1] As noted by the Court previously, two of the individuals named as plaintiffs appear to be minors who can only appear through counsel. Dkt. No. 5.

action is legally frivolous and accordingly **DENIES** the motion to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.7. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiffs are pro se, the Court construes their pleadings liberally and affords them the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. ANALYSIS

The complaint fails to provide the required short and plain statement containing sufficient factual matter to support a cognizable claim. Despite its length, the "statement of claim" in the complaint fails to state a cognizable claim against any defendant as required by the Federal Rules of Civil Procedure. For example, there is no private right of action under the federal criminal statutes listed in the complaint, and Plaintiffs therefore cannot pursue alleged criminal violations in a civil lawsuit. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of claims brought under criminal provisions that "provide[d] no basis for civil liability"); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596 (9th Cir. 2010) (affirming dismissal of claims under 18

U.S.C. §§ 1512-13 "because those statutes do not provide a private right of action"); *Ross v. Orange Cty. Bar Ass'n*, 369 F. Appx. 868 (9th Cir. 2010) (affirming dismissal of plaintiff's claim because he "had no separate private right of action for mail fraud under 18 U.S.C. § 1341").[2] For this reason, Plaintiffs are not entitled to seek or obtain a "criminal complaint" or "arrest warrants" in this case, and are directed to stop attempting to do so.

As another example, state courts are generally absolutely immune from suit for damages. *See Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) ("It is well settled that judges are generally immune from suit for money damages."); *Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

In summary, the complaint fails to articulate what each defendant, specifically, is alleged to have done that violated each specific law or legal standard listed. General conclusions and assertions are not enough. Even liberally construed, Plaintiffs' allegations are insufficient to state a claim on which relief can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court finds that Plaintiffs have failed to meet that minimum threshold and accordingly **DISMISSES** the complaint.

## IV. CONCLUSION

Despite these deficiencies, the Court cannot conclusively say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). If they choose to file an amended complaint, Plaintiffs must do so by no later than March 23, 2018. In the amended complaint, Plaintiffs must clearly

---

[2] While not binding on the Court, the Court finds persuasive the Ninth Circuit's dispositions in *Rowland* and *Ross*.

identify: (1) each legal claim; (2) the facts supporting each claim; and (3) the defendant against whom the claim is alleged. This clear short and plain statement should be set out in the complaint itself: attaching documents to the complaint does not satisfy the pleading requirements set out above. Plaintiffs do not need to re-file a financial affidavit with the amended complaint, because the Court has already found that they have established inability to pay the filing fees. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further notice or leave to amend. In addition, the amended complaint will be dismissed if Plaintiffs do not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated: 2/22/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge